SANFORD JAY ROSEN – 062566
JEFFREY L. BORNSTEIN – 099358
ERNEST GALVAN – 196065
LISA ELLS – 243657
BENJAMIN BIEN-KAHN – 267933
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:   (415) 433-6830
Facsimile:   (415) 433-7104

DANIEL MARSHALL – Fla. Bar No. 617210*
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
Telephone: (561) 360-2523
* Admitted *Pro Hac Vice*

Attorneys for
HUMAN RIGHTS DEFENSE CENTER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF TEHAMA; DAVE HENCRATT, Sheriff, individually and in his official capacity; and JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities,,<br><br>Defendants. | Case No. 20-cv-00359-WBS-DMC<br><br>**STIPULATION AND CONSENT DECREE**<br><br>Judge:   Hon. William B. Shubb |

The parties to this action, represented by counsel, stipulate to and request entry of a consent decree by the Court as follows:

1.     On February 14, 2020, Plaintiff Human Rights Defense Center ("Plaintiff" or "HRDC") filed suit in the above entitled matter seeking injunctive and declaratory relief, damages, attorney's fees and costs.  Plaintiff's complaint alleges unlawful and unconstitutional policies, customs, and/or practices regarding the delivery of incoming

1 publications and correspondence to incarcerated persons at the County of Tehama's jails
2 (the "Jail"), and the provision of inadequate notice and opportunity to challenge the refusal
3 to deliver incoming mail to incarcerated persons, in violation of Plaintiff's free speech and
4 due process rights.  The Complaint alleges violations of the First and Fourteenth
5 Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983, as well as
6 violations of the Article I, Section 2 and Article I, Section 7 of the California Constitution,
7 and of the Bane Act, California Civil Code § 52.1.  Pursuant to California Government
8 Code § 910, Plaintiff had submitted a state tort claim to the County of Tehama on July 18,
9 2019, which included an invitation to negotiate resolution of these issues, but no response
10 was received.

11     2.    On February 21, 2020, Plaintiff filed a motion seeking to preliminarily
12 enjoin Defendants County of Tehama, *et al.* ("Defendants") from refusing to deliver
13 publications and correspondence mailed by Plaintiff to incarcerated persons at the Jail and
14 from failing to provide due process to challenge the censorship decisions.  The motion was
15 noticed for hearing on April 6, 2020, but Defendants and Plaintiff stipulated to continue
16 the hearing until May 4, 2020.  The Court subsequently issued an Order vacating the
17 hearing date and intending to decide the motion on the papers unless there was a need for
18 an evidentiary hearing.  *See* Docket No. 16.  On April 17, 2020, the Court issued an order
19 on stipulation of the parties to continue the hearing date to May 18, 2020. *See* Docket No.
20 18.

21     3.    Plaintiff and Defendants (collectively, the "Parties") in order to avoid the
22 expense, delay, uncertainty, and burden of litigation, agree to the entry of this consent
23 decree.

24     4.    The Parties agree that this consent decree resolves all claims relief alleged in
25 the Plaintiff's Complaint.  By this consent decree, together with payment of the sum of
26 $143,500, the Parties agree that all claims alleged by Plaintiff in the above entitled action
27 are fully and finally resolved, including Plaintiff's attorney's fees and costs for work
28 performed in this case.  The Parties agree that Plaintiff will execute a release of all claims

alleged in Plaintiff's complaint, and that Defendants will remit payment to Plaintiff as soon as reasonably possible after the entry of this order, but not later than sixty (60) days after entry of the order. If payment is not made within sixty (60) days, interest shall accrue pursuant to 28 U.S.C. § 1961 from the date of entry of this order.

5. The Parties agree that providing incarcerated persons with reading material promotes positive contact with the communities into which they will eventually be released and is therefore consistent with the Defendants' public safety mission.

6. DEFINITIONS:

a. As used herein, PUBLISHER shall mean any publisher, commercial or non-profit distributor of printed materials, or book store that does mail order business.

b. As used herein, STAPLES shall mean the type of light-duty small wire staple fasteners commonly used to attach a few sheets of paper, and used by Plaintiff to bind the sheets of its monthly publications.

c. As used herein, MAILING LABELS shall mean the type of adhesive sticker used by Plaintiff to affix an address to an item of mail.

7. The Parties agree that Defendants and their successors, officers, agents, servants, and employees, and all others in active concert or participation with them:

a. Shall not refuse to deliver books or other publications to incarcerated persons at the Jail from any PUBLISHER, including any publisher, commercial or non-profit distributor of printed materials, or book store that does mail order business, and that incarcerated persons at the Jail will be allowed to purchase, receive, and read books, newspapers and other periodicals that are accepted for delivery by the United States Postal Service, with or without a subscription from the PUBLISHER, provided that Defendants may refuse to deliver books or other publications that pose a threat to the safety and security of the facility, so long as they provide written notice of the specific basis for the rejection and an administrative review process, as described in Paragraph 7(d), *infra*. Publications that may pose a threat to the safety and security of the facility are those depicting harmful or unlawful sexual conduct; those describing weapons manufacture;

those describing or encouraging activities that tend to incite violence or disruption, including racist materials; those threatening the safety of any person inside the Jail; and those that are sexually explicit and/or feature nudity.

      b.     Shall not refuse to deliver publications, correspondence, or documents sent by any PUBLISHER to incarcerated persons at the Jail on the ground that these publications, correspondence, or documents contain STAPLES, provided that Defendants may comply by removing the STAPLES. Defendants shall ensure that publications from which STAPLES are removed are delivered to incarcerated persons in substantially the same condition as received in the mail.

      c.     Shall not refuse to deliver publications, correspondence, or documents sent by any PUBLISHER to incarcerated persons at the Jail because of MAILING LABELS, provided that Defendants may comply by removing the MAILING LABELS prior to delivery to the incarcerated person at the Jail.

      d.     Shall provide adequate written notice and an administrative review process to any PUBLISHER of any refusal to deliver any publication, correspondence, or document mailed by a PUBLISHER to an incarcerated person at the Jail. If a publication or other mailing is disapproved for delivery by Jail personnel, the PUBLISHER will be notified within fifteen (15) business days of the specific reason for the disapproval. The incarcerated person to whom the publication or other mailing is addressed shall also be notified that the Jail refused to deliver a mailing to them and the specific reason that the mailing was rejected for delivery. The PUBLISHER will be permitted to file an appeal of any disapproval to the Tehama County Sheriff's Office. The Tehama County Sheriff's Office will provide a written response to all such appeals within fifteen (15) business days of receiving the appeal. The appeal shall be considered and resolved by a decision-maker other than the person who originally refused to deliver the publication or other mailing in question. The publication or correspondence that was disapproved shall be retained by the Jail pending the completion of the above-described administrative review process so that the rejected mailing will be available for review by the Jail supervisor responsible for

considering and resolving the appeal.

        e. Shall include an explanation of the terms of Defendants' new incoming mail policy in relation to delivery of publications and correspondence and the administrative review process for refused mailings in the Tehama County Jail Handbook for delivery to incarcerated persons and on its public website.

    8. For purposes of this settlement, the Parties understand that HRDC sends outreach materials to individuals who are incarcerated in prisons and jails across the United States and does not send a large volume of mail. Rather, HRDC sends individually addressed mailings to a limited number of incarcerated persons who subscribe to its magazines or who place orders for books published and/or distributed by HRDC, or who are specifically identified by HRDC as people likely to be in need for the information contained in the publications HRDC distributes because they are more likely to be incarcerated for a significant period of time. This may include persons who are charged with serious offenses, persons who have already been convicted of a criminal offense and are currently serving a sentence, or persons who have already been in the Jail for a significant amount of time. To the extent that the Defendants are unable to deliver timely a large mailing, they will contact HRDC and work out a reasonable delivery plan. If the Parties are unable to resolve that dispute, either side may seek the intervention of the Magistrate Judge assigned to this case.

    9. With respect to PUBLISHERS, other than HRDC, the Jail may publish guidelines pertaining to its mail policies if it seeks to limit the number of pieces of unsolicited mail other PUBLISHERS send and are delivered to incarcerated persons at the Jail. Any such limitation must be premised on the standards set forth in *Turner v. Safley*, 482 U.S. 78 (1987), and may not be implemented until such PUBLISHERS have received written notice of the guidelines and limitations, and an opportunity to contest them and comment concerning them. If the dispute regarding the proposed limitation cannot be settled, either HRDC or Defendants may request that the Magistrate Judge make the determination of whether the proposed limitation is reasonable under the *Turner* standards.

10. Nothing in this Consent Decree is intended to release or waive any claim, cause of action, demand, or defense in law or equity that any party to this Consent Decree may have against any person or entity not a party to this Consent Decree.

11. The Court finds that this case concerns the First and Fourteenth Amendment rights of a publisher and is therefore not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996. The Court further finds that the relief herein ordered is narrowly drawn, extends no further than necessary to correct the harm alleged by Plaintiff and requiring injunctive relief, and is the least intrusive means necessary to correct the alleged harm.

12. The Court retains jurisdiction over this matter for the purpose of enforcement of its Order until terminated upon motion made by either party.

13. No person who has notice of this consent decree shall fail to comply with it, nor shall any person subvert the consent decree by any sham, indirection, or other artifice.

IT IS SO STIPULATED.

Dated April 28, 2020

*/s/ Paul Wright*
Paul Wright
Editor and Executive Director
HUMAN RIGHTS DEFENSE CENTER
Plaintiff

Dated April 27, 2020

*/s/ Dave Hencratt*
Dave Hencratt
Sheriff
TEHAMA COUNTY
Defendant

APPROVED AS TO FORM

DATED: April 28, 2020

                        ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Jeffrey L. Bornstein*
     Jeffrey L. Bornstein

Attorneys for
HUMAN RIGHTS DEFENSE CENTER

APPROVED AS TO FORM

DATED: April 28, 2020      PORTER | SCOTT

By: */s/ David R. Norton*
     David R. Norton

Attorneys for
COUNTY OF TEHAMA AND DAVE HENCRATT

     IT IS SO ORDERED.

Dated: May 13, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE